## NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS v. CHAS. H. WOOD COMPANY AND ANOTHER.[1]

July 5, 1935.

No. 30,314.

*Gordon Cain* and *Harris Richardson,* for appellants.

*Cobb, Hoke, Benson, Krause & Faegre* and *Loring M. Staples,* for respondent.

HILTON, JUSTICE.

Action on a promissory note for $63,000 and interest. At the close of the evidence the trial court directed a verdict in favor of

[1]Reported in 262 N. W. 161.

plaintiff. This appeal is from an order denying defendants' motion for a new trial.

On December 10, 1926, defendants executed and delivered to plaintiff a demand note in the amount of $75,000 with interest at the rate of 5½ per cent. Various payments were made on both the interest and principal. That note was subsequently canceled and a new note given for the amount of the then indebtedness. Many subsequent notes for various amounts were likewise canceled and a new note given each time in place of the one preceding it. The note sued upon is the last of such demand notes. In one of such notes, given in November, 1927, the rate of interest was decreased to five per cent, and in another note given in March, 1929, the rate of interest was increased to six per cent.

Defendant Helen E. Wood, answering separately, set up as defenses that she was an accommodation maker; that the increase in the interest rate constituted usury under 2 Mason Minn. St. 1927, § 7036; and that on or about January 23 or 26, 1933, an agreement was entered into by which the plaintiff agreed to extend the time within which the note then in force might be paid for a two-year period. The defenses of the defendant corporation were practically the same except that the claim of accommodation maker was not included. Plaintiff demurred to the first two defenses on the ground that each failed to state a defense, and replied to the third defense. The demurrer came on for hearing before Judge Waite and was sustained. The case then came on for trial before Judge Hall and a jury. At that time counsel for defendants again attempted to raise the issue of usury. The court held that it had been disposed of by the order sustaining the demurrer and that there was but one issue remaining and that was the question of fact as to the claimed extension of time. That ruling was of course correct. The issue of usury, as well as the alleged defense of accommodation maker, was determined by the order sustaining the demurrer. Neither, even if meritorious, which we doubt, could again be made an issue unless an appeal was taken to this court from that order and here resulted in reversal. There is no appeal from that order, and the only question presented by the record is

whether the facts relative to the claimed extension of time were sufficient to warrant submission thereof to the jury.

The court in directing the verdict stated:

"The testimony is so vague and indefinite that it would not justify the jury in finding that there had been such a contract for extension entered into. * * * There is no testimony that would justify the jury in finding that this contract for the extension was for a definite period of time."

A careful examination of the record forces the conclusion that the trial court was correct. Various negotiations were had. It is unnecessary to recite the testimony in regard thereto. It does not permit a reasonable inference that the negotiations between the parties had progressed further than as disclosed by a letter written by defendant Wood to the president of plaintiff, over a month after this action was started, in which she stated:

"Apparently you have forgotten the proposition for settlement you made to me. May I request that you write me a letter stating precisely what your new proposition is in order that there can be no further misunderstanding as to what the proposition is."

It is apparent that whatever suggestions were made by the respective parties, no definite understanding was ever reached between them, and hence there could be no contract for an extension of time.

Affirmed.